IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN MILLER,
    Plaintiff,

vs.                        Case No.: 5:08cv121/SPM/EMT

SCOTT A. MIDDLEBROOKS, et al.,
    Defendants.
_____/

### REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's Second Amended Complaint filed pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 38, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (Doc. 34). Leave to proceed in forma pauperis has been granted (Doc. 8).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id. at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d

1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  <u>Brown v. Budget Rent-A-Car Systems, Inc.</u>, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, this court concludes that dismissal of Plaintiff's claims against one or more of the named Defendants is warranted.

Plaintiff names four Defendants in this action:  John Seay, Health Services Administrator of the Federal Correctional Institution in Marianna, Florida (FCI-Marianna); Dr. Guzman, Clinical Director; Natalie Pelt, Assistant Health Services Administrator; and the Federal Bureau of Prisons (BOP) (Doc. 34 at 1, 2).  Plaintiff claims that Defendants violated his Eighth Amendment rights by depriving him of adequate treatment for his injured knee.  Plaintiff alleges the following facts in support of his claims.  In April of 2006, Plaintiff suffered a "torn ACL" to his left knee (*id.* at 5).  When he arrived at FCI-Marianna on June 13, 2007, his knee was still injured, and he wore a knee brace (*id.*).  Plaintiff states his injury has caused his left leg to be shorter than his right, and this causes a strain to his right hip, leg, knee, and foot (*id.*).  He states he suffers extreme physical pain, as well and mental and emotional distress (*id.*).  Plaintiff states that Dr. Guzman, as Clinical Director, is responsible for treating Plaintiff's injury, including referring him to a specialist (*id.* at 6).  Plaintiff further states he requested an examination by an orthopedic specialist when he arrived at FCI-Marianna, and Dr. Guzman has been aware of Plaintiff's need to see a specialist, but he refuses to order further treatment, including an examination by a specialist (*id.* at 5–6).  Plaintiff acknowledges he has been provided a "chronic care provider" at the institution, who has provided him ice packs and ibuprofen, but he states this treatment is insufficient to treat his pain or the ongoing damage to the right side of his body due to the additional weight that is placed on it (*id.* at 7, attached page).  Plaintiff alleges Defendants Seay and Pelt are responsible for the overall management of the medical services at FCI-Marianna, including the actions of doctors and the scheduling of appointments with "outside" physicians, but they have refused to exercise their authority to provide proper medical care (*id.*).

Plaintiff claims that Defendants knowingly disregarded his serious medical need in violation of his Eighth Amendment rights (*id.* at 7).  As relief, Plaintiff seeks declaratory and injunctive relief, including an injunction requiring Defendants to provide him with an evaluation by an orthopedic

specialist and enjoining them from requiring him to pay for "chronic care visits" related to his left knee (*id.*). He also seeks compensatory and punitive damages (*id.*).

Despite Plaintiff's having been previously advised of the legal standard for stating an Eighth Amendment claim, he has failed to state a claim against Defendants Seay and Pelt. It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal

quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

Additionally, as Plaintiff was previously advised (*see* Doc. 11), supervisory officials are not liable under section 1983 or Bivens for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11h Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff asserts that Defendants Seay and Pelt are responsible for the overall management of medical services at FCI-Marianna, including the actions of doctors and the scheduling of appointments with "outside" physicians, and Plaintiff alleges they have "refused to exercise their authority and use their authority to adequately provide proper medical care to inmates at Marianna FCI, namely, the plaintiff" (Doc. 34 at 6). Plaintiff additionally states that the administrative grievances he filed show that "prison authorities" knew about his injury, medical needs, and suffering (*id.* at 7, attached page). These vague allegations are insufficient to state a basis for liability under the Eighth Amendment. Plaintiff does not allege facts suggesting that either Defendant Seay or Pelt was subjectively aware of the severity of his knee injury or the inadequacy of the treatment he was being provided by the "chronic care provider." Furthermore, Plaintiff does

not allege facts suggesting that either of these Defendants was personally involved in any decision regarding his medical treatment, that either Defendant implemented any policy which would have limited his care or treatment, or that there is otherwise any causal connection between the conduct of either of these Defendants and the alleged deprivation of adequate medical care. As previously noted, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. *See* Wayne, 197 F.3d at 1106. Therefore, Defendants Seay and Pelt should be dismissed from this action.

Likewise, Plaintiff has failed to state a basis for liability as to the BOP. The complaint does not include any factual allegations against the agency, nor do the facts suggest that the BOP has a custom or policy that prohibits the provision of the type of medical care that Plaintiff states he requires. In fact, Plaintiff appears to assert that BOP policy dictates that he receive the medical treatment he believes he requires (*see* Doc. 34 at 7, citation to "O.P.I.-H.S.D. No. 603501"). Thus, it appears that Plaintiff seeks to hold the BOP liable simply because it is the employer of the individual Defendants. As discussed *supra*, liability does not attach simply because the agency employs the other Defendants. Furthermore, Plaintiff may not recover monetary damages in a Bivens action from the BOP because an action for damages cannot be brought against a federal agency under Bivens. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484–86, 114 S. Ct. 996, 1005–06, 127 L. Ed. 2d 308 (1994). Therefore, the BOP should also be dismissed as a Defendant.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants Seay, Pelt, and the Federal Bureau of Prisons be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to change the docket to reflect that Dr. Guzman is the only Defendant in this action.

3. That this matter be referred to the undersigned for service of the Second Amended Complaint on Dr. Guzman.

At Pensacola, Florida, this 19<u>th</u> day of March 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**